1

LAW OFFICES
UDALL, SHUMWAY & LYONS, P.L.C.
30 WEST FIRST STREET
MESA, ARIZONA 85201-6695
Telephone: (480)461-5300
Fax: (480)833-9392

2

3

4

5
Bradley D. Gardner - # 011211
Attorneys for Plaintiff

6

7
IN THE UNITED STATES DISTRICT COURT

8
FOR THE DISTRICT OF ARIZONA

9

10
| KIMBERLY N. THOMPSON, a married woman, | CASE NOCV-09-01110-DKD |

11

12
Plaintiffs,                    **COMPLAINT**

13
v.                        **(Jury Trail Demanded)**

14

15
HANDS ON INC., an Arizona
corporation; and CHAMPION
COLLEGE SOLUTIONS, L.L.C., an
Arizona limited liability corporation

16

17

18
Defendants.

19
COMES NOW Plaintiff, by and through her counsel, and respectfully alleges

20
as follows:

21
INTRODUCTION

22
(1)    This is an action brought to secure relief, legal and equitable, for

23

24
discrimination on the basis of sex in the terms, conditions and privileges of

25
employment, and to remedy retaliation against an employee for activity

26
protected under Title VII, all in violation of Title VII of the Civil Rights

27

28
Action of 1964, as amended, 42 U.S.C. § 2000 *et seq*. ("Title VII").

**JURISDICTION AND VENUE**

(2)    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) and 42 U.S.C. § 2000e-(5).

(3)    Plaintiff has complied fully with all prerequisites to jurisdiction in this

Court under Title VII.

(4)    Venue is proper in this District pursuant to section 706(f)(3) of Title VII, 42

U.S.C. § 2000e-5(f)(3).

**PARTIES**

(5)    Plaintiff is a female who was employed by Defendants at their offices

located in Mesa, Arizona, until her termination on October 21, 2005.  She is

a resident of the State of Arizona.

(6)    Defendant Hands On Inc., an Arizona corporation, is an employer within

the meaning of Title VII, 42 U.S.C. § 2000e(b).  Defendant maintains its

principal place of business at 1201 S. Alma School Road, Suite 1500, Mesa,

AZ 85210.

(7)    Defendant Champion College Solutions, LLC, an Arizona limited liability

corporation, is an employer within the meaning of Title VII, 42 U.S.C. §

2000e(b).  Defendant maintains its principal place of business at 1201 S.

Alma School Road, Suite 1500, Mesa, AZ 85210.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

(8)     Plaintiff, Kimberly N. Thompson (hereinafter "Thompson") was hired by Hands On Inc. on December 29, 2004.  Throughout her employment, Plaintiff distinguished herself professionally, made substantial contributions, received salary increases and bonuses. In fact, it wasn't until she complained of discrimination, that she and was placed on administrative leave.  During her administrative leave, she continued to receive her monthly salary plus bonuses.

(9)     During the course of Thompson's employment with Defendant, Thompson was subjected to unwelcome sexually tainted remarks, propositions, and physical contact by the President and CEO, Ms. Mary Lyn Hammer, in violation of Title VII of the Civil Rights Act of 1964.

(10)    In May 2005, Hands On Inc. also began doing business as Champion College Solutions, L.L.C. ("Champion").

(11)    On May 31, 2005, Thompson accompanied Ms. Hammer on a business trip to Idaho.  During the flight from Arizona to Idaho, Ms. Hammer recounted many intimate details of her sex life to Thompson. Hammer told Thompson that she had been molested by her father as a child and constantly spoke of a man named Ed that was the first person to give her an orgasm.

(12)    When Ms. Hammer and Thompson proceeded to the hotel where they had reservations, Ms. Hammer cancelled the reservation which had been made on behalf of Thompson, and insisted that Thompson share a room with her.

(13)    Once Thompson realized that she had to share a room with hammer, she

called the COO, Debra Loken. She explained to Loken the details of what

was happening during this trip, and told Loken that she was uncomfortable

staying in the same room as Hammer.  - Thompson and Loken had traveled

together for work and never had to stay in the same room or visit bars with

men.

(14)    In June 2005, Thompson accompanied several employees of Champion,

including Ms. Hammer, to Las Vegas, Nevada on a business trip.

(15)    While on the June 2005 business trip, Ms. Hammer informed Thompson it

was imperative to go to bars with potential clients in order to bring in more

business.  Ms. Hammer repeatedly requested that Thompson attend female

strip clubs with her and other males, and demonstrated to Thompson and

other employee's pole dancing moves she had been learning.

(16)    While in Las Vegas, Thompson reported the actions of Ms. Hammer to Mr.

Dieter Gable, a Board Member of Champion, who was in attendance of the

business trip.  When Thompson reported the actions of Ms. Hammer to Mr.

Dieter and requested his assistance, Mr. Dieter ignored Thompson and

walked away.

(17)    While in Las Vegas, Champion hosted a small reception for potential

clients.  In preparation for the reception, Thompson asked Ms. Hammer

what would be the appropriate attire for the evening.  Ms. Hammer did not

4

respond to Thompson's question, but instead responded "the girls are coming out tonight" referring to Ms. Hammer's breasts.

(18)   Thompson attended the reception held by Champion in Las Vegas.  While at the reception, Ms. Hammer approached Thompson and touched her breasts.

(19)   Upon Thompson's return from Las Vegas, she filed a complaint with Ms. Ellen Nevitt (HR Director).  Ms. Nevitt told Thompson that Ms. Hammer's behavioral was unacceptable and assured Thompson that she would speak to Hammer.  Following this meeting with Ms. Nevitt, Thompson started being left out of company meeting to which she would routinely attend.

(20)   On June 27, 2005, Thompson filed a sexual harassment complaint against Ms. Hammer with Defendants.

(21)   After Thompson filed a sexual harassment complaint against Ms. Hammer, Thompson was excluded from office meetings which she normally would have attended.

(22)   On August 12, 2005, Thompson was placed on an administrative leave of absence by Ms. Hammer.

(23)   On August 17, 2005, Thompson filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), Charge No. 350-2005-04762.

(24)   On October 21, 2005, while on administrative leave, Defendants terminated Thompson's employment.  COO, Kendall Helmers, called Thomson and told Thompson that she was being terminated due to improper conduct.

(25)   On April 9, 2008, the EEOC issued a Determination on Charge of Discrimination. A true and correct copy of that Determination is attached hereto as Exhibit "1."

(26)   The EEOC found reasonable cause to believe that Thompson was sexually harassed by Defendants.

(27)   The EEOC also found reasonable cause to believe that Thompson had been subjected to retaliation by Defendants.

(28)   The EEOC mailed its Notice of Right to Sue on February 27, 2009. A true and correct copy of that Notice of Right to Sue is attached hereto as Exhibit "2."

## COUNT I
### (Sexual Harassment/Hostile Work Environment)

(29)   Plainitff repeat and realleges each and every allegation contained in paragraphs 1 through 26 of this Complaint with the same force and effect as if set forth herein.

(30)   Defendants have discriminated against Plaintiffs in the terms and conditions of their employment on the basis of their sex in violation of Title VII.

(31)   Defendants' acts were with malice and reckless disregard for Plaintiff's federally protected civil rights.

(32)   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory practices unless and until this Court grants relief.

## COUNT II
### (Retaliation - Title VII)

(33)   Plaintiff repeat and re-allege each and every allegation contained in paragraphs 1 through 30 of this Complaint with the same force and effect as if set forth herein.

(34)   Defendants have retaliated against Plaintiff and have denied her opportunities for employment on the basis of her having complained of discrimination, in violation of Title VII.

(35)   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against Defendant as follows:

(a)   Declaring that the acts and practices complained of herein are in violation of Title VII and constitute intentional infliction of emotional distress;

(b)   Enjoining and permanently restraining these violations of Title VII;

(c)   Directing Defendants to take such affirmative steps as are necessary to ensure that the effects of these unlawful employment practices and tortuous conduct are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d)   Directing Defendants to reinstate Plaintiff, placing her in the position she would have occupied but for Defendants' unlawful treatment and making her whole for all earnings she would have received but for Defendants' discriminatory, retaliatory and tortuous treatment including, but not limited to, wages, bonuses, pension and other lost benefits;

(e)   Directing Defendants to pay Plaintiff compensatory and punitive damages for the injures suffered as a result of Defendants' violations of Title VII;

(f)   Directing Defendants to pay Plaintiff compensatory and punitive damages for injuries suffered as a result of Defendants' tortuous conduct;

(g)   Awarding Plaintiff the costs of this action, together with reasonable attorney's fees, as provided by 42 U.S.C. § 2000e-5(k); and

(h)   Granting such other and further relief as the Court deems just and proper under the circumstances.

**JURY TRIAL DEMANDED**

Plaintiffs demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedures and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.


DATED: May 26, 2009.

UDALL, SHUMWAY & LYONS, P.L.C.


By /s/ Bradley D. Gardner
     Bradley D. Gardner
     30 West First Street
     Mesa, AZ  85201
     Attorneys for Plaintiffs