OSBORN
MALEDON
A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

he Phoenix Plaza
1st Floor
929 North Central Avenue
hoenix, Arizona 85012-2793

.O. Box 36379
hoenix, Arizona 85067-6379

elephone    602.640.9000
acsimile    602.640.9050

John L. Blanchard, 018995
Joseph N. Roth, 025725
OSBORN MALEDON, P.A.
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793
(602) 640-9000
jblanchard@omlaw.com
jroth@omlaw.com

Attorneys for Champion College Solutions, L.L.C., and Hands On, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KIMBERLY N. THOMPSON, a married woman,<br><br>Plaintiff,<br><br>vs.<br><br>HANDS ON INC., an Arizona corporation; and CHAMPION COLLEGE SOLUTIONS, L.L.C., an Arizona limited liability corporation,<br><br>Defendant. | No. 2:09-CV-01110-DKD<br><br>**ANSWER OF DEFENDANTS HANDS ON, INC. and CHAMPION COLLEGE SOLUTIONS, L.L.C.** |

For its answer to Plaintiff's Complaint, Defendants Hands On, Inc. ("Hands On") and Champion College Solutions, LLC ("Champion" or collectively "Defendants") admit, deny, and allege as follows. The paragraph numbers of this Answer correspond to the paragraphs in Plaintiff's Complaint. All allegations of the Complaint not expressly admitted herein are denied.

1. Admit only that Plaintiff purports to assert claims under the listed statutes.

2. Admit only that jurisdiction is proper in this Court.

3. Admit only that jurisdiction is proper in this Court.

4. Admit that venue is proper in this Court.

5. Admit.

6. Deny that Hands On is currently an employer within the meaning of Title VII. Admit only that Title VII applied to Hands On at the time it employed Plaintiff.

7. Deny that Champion is currently an employer within the meaning of Title VII. Admit only that Title VII applied to Champion at the time it employed Plaintiff.

8. Admit only that Plaintiff was hired in December, 2004, and that Plaintiff was placed on administrative leave with full pay and bonuses. Allege that Plaintiff did engage in inappropriate work-place conduct that resulted in her administrative leave and termination.

9. Deny.

10. Admit that Plaintiff worked for Champion.

11. Admit only that Plaintiff attended a business trip in Idaho.

12. Deny.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph, and therefore deny same.

14. Admit.

15. Deny.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph, and therefore deny same.

17. Admit that Champion hosted a reception for potential clients. Deny the remaining allegations in the paragraph.

18. Admit that Plaintiff attended the reception hosted by Champion. Deny the remaining allegations in the paragraph.

19. Admit that Plaintiff filed an internal complaint that was forwarded to Ellen Nevitt. Deny the remaining allegations in the paragraph.

2608650

1 20. Admit only that Plaintiff submitted a complaint to Ellen Nevitt on or about June 27, 2005.

3 21. Deny.

4 22. Admit.

5 23. Admit only that on or about August 17, 2005, Plaintiff filed a charge of retaliation with the EEOC.

7 24. Admit only that Plaintiff was terminated on October 21, 2005.

8 25. Admit that the EEOC issued a Determination on April 9, 2008.

9 26. Admit.

10 27. Admit.

11 28. Admit.

12 29. Admit, deny, and allege as set forth above.

13 30. Deny.

14 31. Deny.

15 32. Deny.

16 33. Admit, deny, and allege as set forth above.

17 34. Deny.

18 35. Deny.

**AFFIRMATIVE DEFENSES**

20 1. Plaintiff has failed to state claims upon which relief can be granted.

21 2. To the extent Plaintiff is seeking punitive damages, the imposition of punitive damages would violate Defendants' due process and equal protection rights under the United States and Arizona constitutions and violate the excessive clause in the Constitution.

25 3. Plaintiff's discrimination claims are barred by the applicable statutes of limitations, 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(e)(1).

1  4.  Defendants reserve the right to allege such other affirmative defenses as
2  are supported by information developed through discovery or by evidence
3  at trial.

WHEREFORE, Defendants pray that Plaintiff take nothing on her Complaint, that judgment be entered in Defendants' favor, that Defendants be awarded their reasonable attorneys' fees pursuant to applicable law, and that Defendants be awarded such other relief at law or equity to which Defendants may be entitled.

DATED this 16th day of June, 2009.

OSBORN MALEDON, P.A.


By  /s/ John L. Blanchard
    John L. Blanchard
    Joseph N. Roth
    2929 N. Central Avenue, Suite 2100
    Phoenix, Arizona  85012-2793

    Attorneys for Champion College
    Solutions, L.L.C. and Hands On, Inc.


I hereby certify that on June 16, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Bradley D Gardner
Udall Shumway & Lyons, PLC
30 W. 1st St.
Mesa, AZ  85201-6695
bdg@udallshumway.com
Attorneys for Plaintiff

/s/ Peggy L. Nieto

4

2608650